IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3206-D

| | |
|---|---|
| ANTHONY RAY HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| T. A. KNUCKLES, et al., ) | |
| ) | |
| Defendants. ) | |

Anthony Ray Harris ("Harris" or "plaintiff"), a pretrial detainee proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1]. Harris seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 [D.E. 2]. On February 3, 2011, Harris filed a motion to amend his complaint [D.E. 7]. On July 1, 2011, Harris filed motions for discovery and "for prompt settlement and resolution of the case" [D.E. 9–10].

Courts must review complaints in civil actions in which prisoners seek relief from a governmental entity or officer, and dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading

contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 2011 WL 500227 (U.S. June 27, 2011) (No. 10-1016); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

A party may amend his pleading once as a matter of course within 21 days after service, or, if it is a pleading requiring a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of opposing counsel or by leave of court. Fed. R. Civ. P. 15(a)(2). Because plaintiff's complaint is subject to review under § 1915A, no defendant has been served. Accordingly, Harris's motion for leave to amend his complaint is granted. The court reviews the complaints together to determine whether Harris has stated any claim upon which relief may be granted.

Harris alleges that on July 27, 2010, he was arrested on a "charge of a weapon of mass destruction" by defendant Knuckles, a Raleigh police officer, pursuant to a warrant issued by defendant McCauley, a Wake County magistrate. Compl. 3. Harris states that the incident forming the basis of the charge occurred on October 6, 2009 at the Greyhound bus station. Id. at 3–4. Although Harris acknowledges that he was at the bus station on the day of the incident, Harris questions the sufficiency of the evidence which formed the basis for the warrant against him, noting that there was no witness who could identify him, and that the bus station manager had asked him to leave the station. Id. at 4. Harris "would like to be [released] and properly [compensated] for time being locked in this jail . . . . [in] the amount of $250,000." Id.

2

In his amended complaint, Harris states that he sues defendant Knuckles in his individual capacity, rather than the Raleigh Police Department. Mot. Amend 1. However, Harris seeks to add a claim against the City of Raleigh because it "is . . . [responsible] for Mr. Knuckle's means of using race[] discrimination and wrongfully locking [Harris] in jail" based on the insufficient evidence against Harris. Id. at 1–2.

Turning first to defendant McCauley, "[f]ew doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 553–54 (1967); see Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987) ("As judicial officers, magistrates are entitled to absolute immunity for acts performed in their judicial capacity."). Thus, the court dismisses Harris's claim against McCauley as frivolous.

As for defendant City of Raleigh, Harris has failed to state a claim on which relief may be granted. Alleging that a municipal employee committed a constitutional violation is necessary in order to state a claim against a municipality, but is not sufficient. A municipality may be found liable under 42 U.S.C. § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); see Iqbal, 129 S. Ct. at 1949. Therefore, a county may not be found liable under section 1983 based on a theory of respondeat superior or simply for employing a tortfeasor. See, e.g., Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403–04 (1997). Plaintiff has failed to allege any policy or custom of the City of Raleigh which is responsible for the acts of which he complains. Thus, Harris's claim against the City of Raleigh is dismissed as frivolous.

3

As for Harris's challenge to the criminal charges against him, it appears that his state criminal proceedings remain pending. To recover money damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must show that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. See, e.g., Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). "A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence." Thigpen v. McDonnell, 273 F. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished). Harris contends that the pending charges against him are invalid; therefore, Harris must challenge the legitimacy of the charges against him as part of his state criminal action. See, e.g., Ballenger v. Owens, 352 F.3d 842, 845–46 (4th Cir. 2003); Antonelli v. Foster, 104 F.3d 899, 901 (7th Cir. 1997); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam). Moreover, Harris specifically alleges that his defense attorney has presented these contentions in a motion in the criminal proceeding against him. Compl. 4. Thus, the claim is dismissed without prejudice.

Finally, to the extent that Harris asserts that the charge against him is the result of racial discrimination by defendant Knuckles, the equal protection clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Harris has not stated that he was treated differently from any person with whom he is similarly situated. Although pro se litigants are held to less stringent pleading standards than

4

attorneys, the court is not required to accept as true legal conclusions or unwarranted factual inferences. See, e.g., Iqbal, 129 S. Ct. at 1949–52; Twombly, 550 U.S. at 555; Coleman, 626 F.3d at 190. Harris has not made plausible allegations to support his equal protection claim. See, e.g., Coleman, 626 F.3d at 190–91. Thus, Harris has failed to state a claim upon which relief may be granted, and this claim is dismissed.

For the reasons stated, the court GRANTS plaintiff's motion to amend [D.E. 7], and DISMISSES plaintiff's action as frivolous under 28 U.S.C. § 1915A. The court DENIES AS MOOT Harris's motions for discovery [D.E. 9] and settlement [D.E. 10]. The Clerk of Court is directed to close the case.

SO ORDERED. This 22 day of July 2011.

JAMES C. DEVER III
United States District Judge