IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3206-D

| | | |
|---|---|---|
| ANTHONY RAY HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| T. A. KNUCKLES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On November 19, 2010, Anthony Ray Harris ("Harris" or "plaintiff"), a pretrial detainee proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1]. On July 22, 2011, the court reviewed Harris's complaint and dismissed the action as frivolous under 28 U.S.C. § 1915A [D.E. 11]. In its order, the court denied as moot Harris's motion for settlement [D.E. 10]. Id. Harris appealed to the United States Court of Appeals for the Fourth Circuit [D.E. 16], and on November 18, 2011, the Fourth Circuit found no error and affirmed. Harris v. Knuckles, No. 11-7151 (4th Cir. Nov. 18, 2011) (per curiam) (unpublished). On December 12, 2011, the Fourth Circuit issued its mandate [D.E. 24].

On July 29, 2011, before filing his appeal, Harris filed a "motion to discuss a[n] in court settlement" [D.E. 14]. The court construes the motion as a request for reconsideration based on Harris's contention that he has "stated a ... claim that make[s him] entitled to rel[ie]f[.]" The motion restates many of Harris's prior allegations concerning racial discrimination against Harris by defendant Knuckles. Id. 2–3.

Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision to alter or amend a judgment pursuant to Rule 59(e) is within the

sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotation omitted); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005) (quotation omitted); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Harris has not cited any recent change in the controlling law, any newly discovered evidence, or any clear error that merits an alteration or amendment to the judgment.

Alternatively, to the extent that Harris seeks relief under Rule 60(b)(1) and (3) of the Federal Rules of Civil Procedure, his motion also fails. Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . [or] fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(1), (3). Under Rule 60(b), a movant first must demonstrate that his motion is timely, that the movant has a meritorious claim or defense, and that the opposing party will not suffer unfair prejudice from the judgment's being aside. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). After satisfying the threshold conditions, "the movant must satisfy one of the six enumerated grounds for relief under Rule 60(b)." Nat'l Credit Union Admin. Bd., 1 F.3d at 266. Harris has failed to establish a meritorious claim or defense. Accordingly, Harris fails to meet Rule 60(b)'s threshold requirements.

2

To the extent Harris seeks to amend his complaint to add new claims, the request is denied. See Raspberry v. Garcia, 448 F.3d 1150, 1154–55 (9th Cir. 2006); Anderson v. United States, 159 F. App'x 936, 937 (11th Cir. 2005) (per curiam) (unpublished); Epps v. Howes, 573 F. Supp. 2d 180, 186 (D.D.C. 2008).

In sum, the court DENIES Harris's motion [D.E. 14].

SO ORDERED. This 20 day of January 2012.

JAMES C. DEVER III
Chief United States District Judge